# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ACE HARDWARE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) Case No. 16-CV-3485 |
| v. | ) |
| | ) |
| H.N. HINCKLEY & SONS, INC., | ) |
| a Massachusetts Corporation | ) |
| | ) |
| Defendant. | ) |

## MOTION TO ENTER AGREED JUDGMENT ORDER

Plaintiff Ace Hardware Corporation ("Ace") states as its Motion to Enter Agreed Judgment Order against H.N. Hinckley & Sons, Inc. ("Hinckley") as follows:

1. The Parties executed a Settlement Agreement (the "Agreement") on July 29, 2016. A true and accurate copy of the executed agreement is attached as Exhibit A. Pursuant to the Agreement, the Court entered a dismissal without prejudice and, on October 18, 2016, this Court dismissed this case without prejudice. A true and accurate copy of this Order is attached as Exhibit B.

2. Under the Agreement, the Defendant was obligated to pay $158,000 to the Plaintiff.

3. The Defendant has defaulted under the Agreement. A payment of $10,000 was to be made on December 1, 2016. Exhibit A, ¶ 2(e). A payment of $10,000 was to be made on January 1, 2017. Exhibit A, ¶ 2(f). These payments were not made. See Declaration of Gordon Hampton attached as Exhibit C.

4. The Agreement states:

> "Judgment. Defendant will execute an Agreed Judgment Order which appears as Exhibit "A". This Agreed Judgment Order shall be held by counsel for Ace and shall not be filed unless and until a default in payment is made and after the applicable cure period. If the Court is unwilling to enter the Agreed Judgment Order, then it is agreed that Ace shall be entitled to judgment in any other court for the remaining amount owed under this Agreement. Defendant will not object to the enforcement of the obligations required herein except that it may request a reduction for any payment actually made under this Agreement."
>
> Exhibit A ¶3

5. Defendant executed the Agreed Judgment Order pursuant to the Settlement Agreement. A true and accurate copy of the executed Agreed Judgment Order is attached as Exhibit D, and is the last page of Exhibit A.

6. The Agreement, further states:

> "<u>Failure to Make Payment.</u> Time is of the essence in this Agreement. If any payment due under this Agreement is not received by the date set for that particular payment or does not clear the bank, then Plaintiff shall have ten (10) days from delivery of notice of default to cure the default. If the Defendant fails to cure any default within ten (10) days from the Plaintiff's notice of default, or if Defendant defaults more than twice in any calendar year, then all outstanding payments shall be accelerated and due immediately. Furthermore, Defendant shall pay all reasonable attorneys fees and costs incurred by Ace in enforcing this Agreement or the Agreed Judgement Order."
>
> Exhibit A ¶4

7. Ace, through its counsel, notified Defendant of the non-payment. A true and accurate copy of the notice is attached as Exhibit E. The ten day cure period has passed and Defendant has failed to cure the default.

8. There is presently the sum of $118,000 owed to Ace under the Agreement.

Wherefore, the Plaintiff Ace Hardware Corporation requests the Court enter the attached Agreed Judgement Order, reduced by $40,000, for a total of $118,000 against Defendant, plus an additional award of its attorney fees and for such other relief as this Court deems appropriate.

Dated: January 31, 2017                     Respectfully submitted,

                                            By:/s/ David J. Fish_____
                                            One of Plaintiff's Attorneys


David Fish
Kimberly Hilton
John Kunze
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60565
(630) 355-7590
dfish@fishlawfirm.com
khilton@fishlawfirm.com